IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                          No. 1:20-mj-666-WJ

REGGIE AIKINS,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING THE UNITED STATES' APPEAL OF RELEASE ORDER PENDING TRIAL

**THIS MATTER** is before the Court on the United States' Appeal of Release Order Pending Trial [Doc. 23], filed June 10, 2020. The United States requests that the Court overrule Magistrate Judge Kirtan Khalsa's order releasing Defendant to the custody of the La Pasada Halfway House and detain Defendant pending trial. For the reasons stated in this Memorandum Opinion and Order, the Court finds that the combination of Defendant being placed in the custody of the La Pasada Halfway House with the conditions of release Judge Khalsa imposed will reasonably assure Defendant's appearance at court proceedings and the safety of the community. Therefore, Defendant's pretrial detention is not warranted pursuant to 18 U.S.C. § 3142(e)(1).

### BACKGROUND

Defendant is charged with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1 (Criminal Complaint). On April 13, 2020, Judge Khalsa presided over Defendant's preliminary hearing and found "that there is probable cause to support the charge." Doc. 16 (Preliminary Hearing and Detention Hearing Transcript) at 16. Later that day, Judge Khalsa presided over Defendant's detention hearing and, after weighing 18 U.S.C. § 3142(g)'s

detention factors, ordered that Defendant be detained pending trial because she found "that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person in the community and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required." *Id.* at 62; Doc. 11 (Order of Detention Pending Trial). Judge Khalsa, however, explained at the detention hearing that if an opening becomes available at the La Pasada Halfway House, she would be willing to reconsider her detention order. Doc. 16 (Preliminary Hearing and Detention Hearing Transcript) at 63.

On June 3, 2020, Defendant filed a motion requesting that Judge Khalsa reopen the detention hearing and release him to the La Pasada Halfway House. Doc. 17 (Defendant's Motion). Judge Khalsa held a hearing on Defendant's motion a week later. Doc. 21 (Clerk's Minutes). Following the hearing, Judge Khalsa entered an order releasing Defendant to the custody of the La Pasada Halfway House with numerous conditions of release. Doc. 22 (Order Setting Conditions of Release). The next day, the United States filed an appeal of Judge Khalsa's order pursuant to 18 U.S.C. § 3145(a)(1). Doc. 23 (United States' Notice of Appeal of Release Order Pending Trial). The Court held a hearing on the United States' appeal on June 17, 2020, at which the Court heard argument from counsel and took the matter under advisement. Doc. 29 (Clerk's Minutes).

## DISCUSSION

Section 3145(a)(1) provides: "If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." 18 U.S.C. § 3145(a)(1). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for

release." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (quoting *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992)). When doing so, the Court, like the Magistrate Judge, is governed by 18 U.S.C. § 3142: a defendant may be detained pending trial only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at 616 (quoting 18 U.S.C. § 3142(e)(1)). Pursuant to 18 U.S.C. § 3142(g), the Court takes into account the available information concerning the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community that would be posed by the defendant's release.

The Court has reviewed the Complaint [Doc. 1], Pretrial Services Report [Doc. 9], Transcript of the April 13, 2020 Preliminary Hearing and Detention Hearing [Doc. 16], Detention Order [Doc. 11], Transcript of the June 9, 2020 Detention Hearing [Doc. 27], Order Setting Conditions of Release [Doc. 22], the United States' Notice of Appeal of Release Order Pending Trial [Doc. 23], and the United States' Memorandum in Support of its Appeal [Doc. 25]. The Court also held a hearing on the United States' appeal on June 17, 2020. Doc. 29 (Clerk's Minutes).

The Court has considered 18 U.S.C. § 3142(g)'s detention factors and is troubled by Defendant's history of noncompliance with court orders. The Pretrial Services Report, for example, identifies 16 warrants that were issued for Defendant as a result of him failing to appear at court proceedings. Doc. 9 (Pretrial Services Report) at 5–11. As the Court explained at the hearing, Defendant is not a good candidate for outright pretrial release. Judge Khalsa, however, did not release Defendant on his own recognizance; she released him to the custody of the La Pasada Halfway House and imposed a number of restrictive conditions of release. *See* Doc. 22 (Order Setting Conditions of Release). The dispositive question, therefore, is whether the

combination of conditions Judge Khalsa ordered will reasonably assure Defendant's appearance at court proceedings and the safety of the community.

In order to detain a defendant pending trial, the Court must find that "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The United States, in its briefing and at the hearing, made a strong showing that the Court should not release Defendant on his own recognizance. However, the United States did not persuade the Court that Defendant's release to the custody of the La Pasada Halfway House along with the conditions of release Judge Khalsa imposed is an insufficient combination of conditions to reasonably assure Defendant's appearance at court proceedings and the safety of the community. Aside from being held in custody, the La Pasada Halfway House is the most restrictive form of pretrial detention. Moreover, the conditions of release Judge Khalsa imposed are numerous and restrictive:

- Defendant must not violate federal, state, or local law.
- Defendant must cooperate in the collection of a DNA sample if authorized.
- Defendant must advise the Court or Pretrial Services in writing before making any change of residence or telephone number.
- Defendant must appear in court as required.
- Defendant must sign an appearance bond if ordered.
- Defendant must submit to supervision by and report for supervision to Pretrial Services.
- Defendant must continue or actively seek employment.
- Defendant's travel is restricted to Bernalillo and Sandoval County unless prior approval by Pretrial Services is obtained. Travel to Rio Rancho for visits with his mother must be approved by Pretrial Services.
- Defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.
- Defendant must get mental health assessment/treatment/counseling as directed by Pretrial Services.
- Defendant must maintain residence at the La Pasada Halfway House.
- Defendant must not possess a firearm, destructive device, or other weapon.
- Defendant must not use alcohol.
- Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

- Defendant must submit to testing for a prohibited substance if required by Pretrial Services.
- Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by Pretrial Services.
- Defendant must report as soon as possible to Pretrial Services every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

Doc. 22 (Order Setting Conditions of Release).

The Court finds that the combination of Defendant being placed in the custody of the La Pasada Halfway House with the conditions of release Judge Khalsa imposed will reasonably assure Defendant's appearance at court proceedings and the safety of the community. Accordingly, Defendant's pretrial detention is not appropriate pursuant to 18 U.S.C. § 3142(e)(1).

Finally, the Court notes that Defendant's prior state court criminal history in New Mexico and Texas as set forth in the Pretrial Services Report is replete with instances of the Defendant failing to comply with prior conditions of release and probation, such as the 16 warrants issued as a result of Defendant failing to appear for court proceedings. Accordingly, Defendant is put on notice that if he fails to comply with the pretrial conditions of release imposed in this case, including the rules and regulations required by the La Pasada Halfway House, then he can expect an immediate return to pretrial custody.

**IT IS THEREFORE ORDERED** that the United States' Appeal of Release Order Pending Trial [Doc. 23] is **DENIED**.

**IT IS FURTHER ORDERED that in addition to complying with his pretrial conditions of release**, Defendant shall also abide by all of the safety measures put in place by the United States Marshal Service and the La Pasada Halfway House as a result of the Coronavirus pandemic, even if doing so delays his release to the La Pasada Halfway House.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**